+

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

ORIA SOUTO,                       §
                                  §
         Plaintiff,               §
                                  §
VS.                               §   CIVIL ACTION H-11-3556
                                  §
BANK OF AMERICA, N.A.,            §
                                  §
         Defendant.               §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause alleging wrongful foreclosure is Defendant Bank of America, N.A.'s ("BANA's) motion for partial dismissal (instrument #16), pursuant to Federal Rule of Civil Procedure 12(b)(6), of Plaintiff Oria Souto's common-law claims for breach of implied covenant of good faith and fair dealing, negligent misrepresentation, and unreasonable collection efforts, and for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) and (c). Although Plaintiff is represented by counsel and was granted an extension until April 19, 2012 to respond, she has failed to file a response.

**Standard of Review**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011),

*citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"),

citing *Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a

claim under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.  The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ."  *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985).  "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice."  *Id.*

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008).  *See also*

*ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]"). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

Plaintiff asserts the following causes of action: (1)

violation of "RESPA", 12 U.S.C. § 2605(e) and (c) in BANA's failure to respond timely and properly to Plaintiff's "qualified written requests" for information about her mortgage account and failure to send Plaintiff notice of the transfer of loan servicing of the mortgage loan within fifteen days after the effective date of transfer[1]; (2) breach of contract (promissory note and deed of trust contract) by failing to undertake required loss mitigation efforts, by accelerating the note, and by invoking the power of sale without first undertaking loss mitigation strategies; (3) unreasonable collection efforts; (4) intentional or negligent misrepresentation; (5) violation of the Texas Debt Collection Act "TDCPA"), Chapter 392 of the Texas Finance Code; (6) suit to quiet title and trespass to try title; (7) declaratory judgment; (8) accounting; (9) breach of implied covenant of good faith and fair dealing; and (10) conversion.

### Plaintiff's Complaint

Plaintiff alleges that she was and is the rightful owner of the property located at 1210 Campton Court, Houston, Texas 77055, which she purchased in 2007 and financed through Countrywide Home

---

[1] Section 2605(e) of RESPA addresses qualified written requests.  Section 2605(c) of RESPA requires that the borrower be notified when a loan is transferred from one servicer to another.  Plaintiff must allege actual damages resulting from a violation of § 2605(c).  *Hurd v. BAC Home Loans Servicing, LP*, Civ. A. No. 3:11-CV-1752-M, 2012 WL 1081994, *15-16 (N.D. Tex. Mar. 12, 2012, *report and recommendation adopted*, 2012 WL 1106932 (N.D. Tex. Mar. 29. 2012)).

Loans ("Countrywide") by executing a Note payable to Countrywide and a Deed of Trust. That loan was later assigned to BAC Home Loans Servicing, LP, which is a wholly owned subsidiary of BANA. Plaintiff paid all of her mortgage payments in 2011 via her bank's online bill payment system. In August 2011, Plaintiff's mortgage payment to BANA was rejected by BANA three days after it was made, and Plaintiff was sent a written notice that her house was to be foreclosed and sold on September 6, 2011. She accuses BANA of intentionally posting her home for foreclosure sale when it knew that she was not in default, and she charges that BANA's standard practice is to do so before any loss mitigation requirements are followed because it knows that a large share of homeowners will not challenge the foreclosure. At the time of the sale Plaintiff's loan balance was approximately $137,000, about $77,000 less than the $214,000 that Defendant RLZ Investments, LLC ("RLZ") purchased the property for at foreclosure.[2] Plaintiff was never given the opportunity to cure the default. RLZ filed an eviction action against her and all occupants of the property on September 29, 2011 and prevailed against Plaintiff at trial, a judgment she then appealed.

Plaintiff describes herself as an elderly woman who suffers from dementia, is in the final stages of her life, and whose two

---

[2] Plaintiff has settled with and dismissed claims against RLZ.

grown children know that a move to a strange place would be detrimental to her health. Plaintiff claims that BANA's "outrageous conduct caused her mental and physical exhaustion and severe anxiety. She has not been able to sleep and is paranoid that someone will show up at her door and forcibly remove her from the property.

## Defendant's Motion for Partial Dismissal

*Breach of Covenant of Good Faith and Fair Dealing*

"A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract." *Cole v. Hall*, 864 S.W. 2d 563, 568 (Tex. App.--Dallas 1993, writ dism'd w.o.j.). As a matter of law, there is not a covenant of good faith and fair dealing in every contract. *Arnold v. Nat'l County Mutual Fire Ins. Co.*, 725 S.W. 2d 165, 167 (Tex. 1987). The duty of good faith and fair dealing only exists in Texas where the express language of a contract creates the duty or where a special relationship of trust exists between the parties. *Id.* The relationship of a mortgagor and mortgagee/mortgage servicer does not implicitly give rise to a duty of good faith. *See, e.g., FDIC v. Coleman*, 795 S.W. 2d 706, 709 (Tex. 1990); *UMLIC VP LLC v. T&M Sales & Envtl. Services, Inc.*, 176 S.W. 3d 595, 612 (Tex. App.--Corpus Christi 2005, pet. denied). Moreover courts have held that there is no special relationship between a mortgage servicer and a mortgagor that gives rise to a duty of good faith and fair dealing.

*See, e.g., White v. Mellon Mortgage Co.*, 995 S.W. 2d 795, 800 (Tex. App.--Tyler 1999, no pet.); *In re Thrash*, Bankr. No. 9-46344-DML-14, 2010 WL 3001538, *7 (Bankr. N.D. Tex. July 28, 2010). BANA insists that absent such a special relationship, there cannot be a duty and thus the claim for covenant of good faith and fair dealing against BANA here must be dismissed. The Court concurs.

*Negligent Misrepresentation*

BANA further contends that Plaintiff's claim of various unidentified misrepresentations and allegations of unspecified false information fail as a matter of law for insufficient factual pleading. The elements of a negligent misrepresentation are (1) the defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their businesses; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered pecuniary loss. *Nazareth Int'l Inc. v. J.C. Penney Co.*, 287 S.W. 3d 452, 460 (Tex. App.--Dallas 2009, pet. denied). McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W. 2d 787, 791 (Tex. 1999). BANA maintains that Plaintiff's boilerplate allegations do not allege any specific misrepresentation or any facts showing that she relied to her

detriment on a misrepresentation by BANA. *Worldwide Asset Purchasing, LLC v. Rent-A-Center E., Inc.*, 290 S.W. 3d 554, 566 (Tex. App.--Dallas 2009, no pet.)("A plaintiff establishes reliance by showing the defendant's acts and representations induced him to either act or refrain from acting, to his detriment."). Thus the negligent misrepresentation claim must be dismissed.

The Court agrees that a failure to identify specific representations and explain how they were false and how Plaintiff relied on them will not pass muster under Rule 12(b)(6). *See, e.g., BAC Home Loans Servicing, L.P.*, 767 F. Supp. 2d 725, 734-35 (N.D. Tex. 2011). By itself, the Court would permit Plaintiff an opportunity to amend to cure the deficiency.

Defendant, however, additionally argues that the negligent misrepresentation claim should also be dismissed because to state and to prevail on a tort claim based on negligence, a plaintiff must show that the defendant owed her a duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W. 3d 401, 404 (Tex. 2009); *Kroger Co. v. Elwood*, 197 S.W. 3d 793, 794 (Tex. 2006). As noted, to establish a duty in tort based on a contract, the plaintiff must demonstrate that there is a special relationship between the parties. *Farah v. Mafridge & Kormanik, P.C.*, 927 S.W. 2d 663, 675 (Tex. App.--Houston [1st Dist.] 1996, no writ). No such duty arises under a contract between a mortgagor and a mortgagee. Coleman, 795 S.W. 2d at 709; *Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-86,

2006 WL 1363170, *8 (N.D. Tex. May 26, 2006)(In Texas there is "no special relationship between a mortgagor and mortgagee.")(citing *UMLIC VP LLC*, 176 S.W. 3d at 612). "Absent a 'special relationship,' any duty to act in good faith is§ contractual in nature and its breach does not amount to an independent tort." *UMLIC VP LLC*, 176 S.W. 3d at 612.

Furthermore, BANA contends that the economic loss rule bars Plaintiff's misrepresentation claim. "In Texas, negligent misrepresentation claims sound in negligence." *Kreit v. St. Paul & Marine Ins. Co.*, No. H-04-1600, 2006 WL 322587, *4 (S.D. Tex. Feb. 10, 2006). "Under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim." *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W. 3d 374, 382-83 (Tex. App.-Tyler 2009). Expressed differently, "under the economic loss rule, . . . a claim sounds in contract when the only injury is economic loss to the subject of the contract itself." *½ Price Checks Cashed v. United Auto. Ins.*, No. 10-0434, at p. 13 (Tex. June 24, 2011), *citing Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W. 3d 55, 61 (Tex. 2008). Plaintiff has not identified any alleged injury, and Defendant presumes that any damages here arise out of the loan agreement (note and deed of trust) at issue in this case. Thus Plaintiff is limited to recover under the contract only and may not assert a claim in tort.

This Court observes that the economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W. 3d 1, 12 (Tex. 2007). In Texas the rule does apply to claims for negligent misrepresentation. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W. 2d 662, 663-64 (Tex. 1998). Although "[p]arties to a contract may breach duties in tort or contract or both," "tort obligations 'are in general obligations imposed by law--apart and independent of promises made.'" *Obuekwe v. Babnk of America, N.A.*, 2012 WL 1388017, *8 (N.D. Tex. Apr. 19, 2012), *citing inter alia Jim Walter Homes, Inc. v. Reed*, 711 S.W. 2d 617, 618 (Tex. 1986), and *Sw. Bell Te. co. v. Delanney*, 809 S.W. 2d 493, 494 (Tex. 1991). Thus if the defendant's actions give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claims may sound in both contract and tort. *Id., citing Sw. Bell*, 809 S.W. 2d at 494. But if the claim arises solely from the parties' contractual relationship, the tort claim will not be allowed. *Id., citing id*. This Court finds that the negligent misrepresentation claim here arises out of the contractual relationship, i.e., defendant gave her false information about her note, deed of trust, and default and failed to exercise care in wrongfully foreclosing on her property. Moreover, the Court agrees that there is no allegation of any injury other than economic harm caused by the

foreclosure and mental anguish or emotional distress. In *City of Tyler v. Likes*, 962 S.W. 2d 489, 496-97 (Tex. 1997)(disallowing mental anguish damages to a plaintiff whose property was negligently harmed), the Texas Supreme Court pointed out, "Without intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the parties, we permit recovery for mental anguish in only a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result. These include suits for wrongful death and actions by bystanders for a close family member's serious injury [citations omitted]." It reasoned that damages for economic loss would be "an adequate and appropriate remedy for negligent harm to real or personal property," because "[w]hile few persons suffering serious bodily injury would feel made whole by the mere recovery of medical expenses and lost wages, many whose property has been damaged or destroyed will be entirely satisfied by recovery of its value." *Id.* See also *Lions Eye Bank of Texas v. Perry*, 56 S.W. 3d 872, 876 (Tex. App.--Houston [14th Dist.] 2001, rev. denied); *Dekelaita v. BP Amoco Chemical Co.*, 2008 WL 2964376, *4-8 (S.D. Tex. July 30, 2008). Plaintiff has not alleged a basis for recovery of mental anguish damages as she does not allege serious bodily injury, wrongful death, or bystander liability in the wrongful foreclosure of her property. Thus her claim of negligent misrepresentation is barred by the economic loss

rule.

*Unreasonable Collection Efforts*

BANA further asserts that Plaintiff's "unreasonable-collections-efforts" intentional tort claim fails because she fails to allege facts showing a course of harassment that was "willful, wanton and malicious" and "intended to inflict mental anguish and bodily harm" upon her, as is required to state such a claim. *EMC Mortgage Corp. v. Jones*, 252 S.W. 3d 857, 868 (Tex. App.--Dallas 2008, no pet.), *citing Montgomery Ward & Co. v. Brewer*, 416 S.W. 2d 837, 844 (Tex. Civ. App.--Waco, 1967, writ ref'd n.r.e.), i.e., "'efforts that amount to a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm.'").

This Court observes that in *EMC Mortgage Corp. v. Jones*, the court pointed out that the elements of this intentional tort "are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case," while "[t]he method of submission of the issue to a jury is as varied as the conduct giving rise to the tort." *Id.* The Texas Supreme Court has not directly considered the elements required for an unfair collection practices claim. *Duty v. Gen. Fin. Co.*, 154 Tex. 16, 273 S.W. 2d 64, 66 (1954)("A decision of the case before us does not require that we undertake to outline the limits to which such a creditor may go, but we do hold that resort to every cruel device

which his cunning can invent in order to enforce collection when that course of conduct has the intended effect of causing great mental anguish to the debtor, resulting in physical injury and cause his loss of employment, renders the creditor liable to respond in damages."). This Court notes that the facts in *EMC Mortgage Corp. v. Jones* were truly egregious: the defendant foreclosed on plaintiffs' home after telling plaintiffs it would not do so, then sent to their house a "very large, intimidating man," who pounded on their door, forced his way into their home, and "began yelling and screaming" at the plaintiffs to remove their belongings because they no longer owned their home. Even though the defendant admitted that it made a mistake in foreclosing on the home, the defendant went on to hire a different law firm to send an eviction letter to the plaintiffs and took months to correct its error, but during that time caused the cancellation of the plaintiffs' homeowners insurance, failed to credit payments by plaintiff to their account, continued to report the foreclosure on the plaintiffs' credit report, retained the title to their house, and improperly paid a $10,000 judgment to another of the plaintiffs' creditors on a contested claim out of the escrow funds without the plaintiffs' consent. *Id.* at 864-65. The court also opined that "The common, everyday meaning of 'unreasonable' is 'exceeding the bounds of reason or moderation.'" *Id.* at 869 (*quoting Websters Int'l Dictionary* 2507 (3d ed. 1981). Usually

"mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *B.F. Jackson, Inc. v. CoStar Realty Information, Inc.*, Civ. A. No. H-08-3244, 2009 WL 1812922, *5 (S.D. Tex. May 20, 2009), *citing McDonald v. Bennett*, 674 F.2d 1080, 1088, 1089 n.8 (5th Cir. 1982), and *Duty*, 273 S.W. 2d 64. Plaintiff in this action has not alleged anything close to such extreme and unreasonable conduct by BANA to support her claims for unreasonable collection efforts and mental anguish damages. Furthermore, as opined in *Thomas v. EMC Mort. Corp.*, No. 4:10-CV-861-A, 2011 WL 5880988, *11 (N.D. Tex. Nov. 23, 2011), "An additional hurdle for plaintiffs is that all of their alleged damages and causes of action flow from the note and deed of trust. Generally, 'negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties.'" *Id.* Plaintiff has not adequately pleaded any conduct by BANA that would give rise to liability outside of a breach of the note and deed of trust contract, including her conclusory negligent misrepresentation claim. Furthermore, Plaintiff has not alleged facts of acts by BANA that demonstrate a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm.

*RESPA*

BANA asserts that Plaintiff has failed to satisfy minimum pleading requirements for a violation of RESPA. To state a claim under section 2605(e), Plaintiff must allege facts showing that (1) BANA is a loan servicer; (2) Plaintiff sent BANA a valid qualified written request ("QWR"); (3) BANA failed to adequately respond within the statutory period; and (4) Plaintiff is entitled to actual or statutory damages. *Frazile v. EMC Mortg. Corp*, 382 Fed. Appx. 833, 836 (11th Cir. 2010)(holding that damages allegation is a necessary element of any claim under section 2605). BANA maintains that Plaintiff fails to state a plausible claim under § 2605(e). She does not identify any letter sent to BANA that constitutes a QWR, allege to whom at BANA the letter was sent, specify the date on which it was sent, or describe the contents. To establish a communication as a QWR, Plaintiff must plead facts demonstrating that the letter (1) adequately identified her "name and account (§ 2605(e)(1)(B)(i)); (2) requested information relating to the servicing of her loan (§ 2605(e)(1)(B)(ii)); and (3) included a statement of the reasons for her belief that her account was in error (*id.*).

In *Hurd*, 2012 WL 1081994, *15-16, the magistrate judge explained,

> Section 2606 of the RESPA provides that if a loan servicer receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer must provide a written response

acknowledging the receipt of the correspondence within 20 days unless the action requested is taken within such period.  *See* 12 U.S.C. § 2605(e)(1)(A).  Additionally, the RESPA requires the servicer to take corrective action within 60 days of receiving the qualified written request, including crediting any late charges or penalties or conducting an investigation and providing the borrower with a written explanation of the reasons for the action and the name and telephone number of an employee of the service  to whom the borrower can direct any further inquiry on the matter.  *Id.* § 2605(e)(1)B).  A plaintiff mus allege actual damages resulting from a violation of § 2605.  *Id.* § 2605(f)(1)(A). . . .

Section 2605 defines a qualified written request as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, . . . that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [that] . . . includes a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).  The qualified written request must be related to the servicing of the loan.  *Id*. § 2605(e)(1)(A).  "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest. . . ."  *Id.* § 2605(i)(3).

Plaintiff has not stated facts constituting plausible claims for violations of the statute.

Accordingly, the Court

ORDERS that BANA's motion for partial dismissal (#16) of Plaintiff's claims for breach of implied covenant of good faith and fair dealing, negligent misrepresentation, unreasonable collection efforts, and violations of RESPA is GRANTED.  If Plaintiff in good faith believes that she can amend to allege claims for negligent misrepresentation and/or unreasonable collection efforts and/or violations of § 2605(e) of RESPA,, she may file an amended

complaint within twenty days of entry of this opinion and order.

**SIGNED** at Houston, Texas, this 22nd day of August, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE